NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| DONALD MANIGOLD, | : | |
| | : | Civ. No. 19-12592 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| BRUCE DAVIS, | : | |
| and THE ATTORNEY GENERAL | : | |
| OF THE STATE OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |
| | : | |

---

This matter comes before the Court upon Petitioner's motion for a stay and abeyance of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Mot. for Stay and Abeyance, Dkt. Nos. 9, 10) while he returns to state court to exhaust his PCR claims in the state courts. Respondent filed an answer to the petition on September 5, 2019, before Petitioner filed his motion for a stay and abeyance. (Answer, Dkt. No. 8.) Respondent did not file an opposition to Petitioner's motion for a stay and abeyance.

Before a district court can grant a stay of a mixed petition[1] under 28 U.S.C. § 2254, the court must determine that the petitioner had good cause for failing to exhaust his claims in

---

[1] A mixed petition is a petition under 28 U.S.C. § 2254 that raises exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition. Id. at 522.

state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. Rhines v. Weber, 544 U.S. 269, 277 (2005).

Petitioner argues that he was diligent in pursuing unexhausted claims Six, Seven and Eight of his habeas petition. (Mot. for Stay and Abeyance, Dkt. No. 10 at 3.) When the Appellate Division affirmed denial of his PCR petition on March 10, 2016, Petitioner wrote two letters to his counsel, asking her to file a petition for certification with the New Jersey Supreme Court, and he assumed that she did so. (Id.) In April 2016, Petitioner alleges that he became severely ill, mentally and physically, which prevented him from cognitively assisting in his own legal matters. (Id.) Petitioner claims he has extensive medical records to support this claim. (Id.)

In March 2019, after Petitioner's medical condition improved, he wrote to the New Jersey Supreme Court to determine the outcome of his petition for writ of certification and learned it was never filed. (Id. at 4.) Petitioner asked for permission to file as within time, and his petition is still pending, rendering Grounds Six, Seven and Eight of his habeas claims unexhausted. (Id.) Petitioner asserts that he filed this mixed petition because he was uncertain whether the statute of limitations for his habeas claims were tolled pending exhaustion of his PCR claims. (Id.)

The Court has reviewed the unexhausted claims, Grounds Six, Seven and Eight, and finds they are not plainly without merit on the face of the petition. Because Petitioner filed his petition for certification with the New Jersey Supreme Court upon learning it had not been filed by his attorney, and the petition was pending when Petitioner protectively filed this mixed petition, the Court will grant Petitioner's motion for a stay and abeyance pending the New Jersey Supreme Court's decision. Petitioner must reopen this action, in writing to the Court, within 30 days of the New Jersey Supreme Court's decision on his pending petition. See Rhines, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back.") Furthermore, the Court reserves ruling on Respondents' affirmative defense that the petition is barred by the one-year statute of limitations and Petitioner's assertion that the Court should equitably toll the statute of limitations.

For these reasons, the Court grants Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254.

**IT IS** therefore on this **7th day of July 2020**,

**ORDERED** that Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. Nos. 9, 10) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall stay this case; and it is further

**ORDERED** that Petitioner shall reopen this case within thirty days of the New Jersey Supreme Court decision on his pending request to file a petition for certification as within time; if the New Jersey Supreme Court decision was rendered while Petitioner's request for a stay and abeyance was pending in this Court, Petitioner shall have 30 days from the date of this Order to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**